

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1127 | **DATE** | 2/15/2001 |
| **CASE TITLE** | Royal Source, Inc. Vs. New Tradition Pipe Co. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff complains that those packages and the insert infringe its copyrights. It now moves for summary judgment. We deny that motion. Status hearing set for April 4, 2001 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 16 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 01 FEB 15 PM 3:25 | date mailed notice | |
| WAH | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROYAL SOURCE, INC., )
)
    Plaintiff, )
)
vs. ) No. 00 C 1127
)
NEW TRADITION PIPE CO., et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff merchandises detoxifier products -- over-the-counter herbal compounds -- to the general public. Defendant corporation, of which defendant Heine is president, was a distributor for plaintiff. They had a disagreement and the relationship terminated. Heine chose to continue in the business and had similar formulations developed (plaintiff has no proprietary rights in its product). He then went to a packaging company, which, with his help, came up with various packages and an insert. Plaintiff complains that those packages and the insert infringe its copyrights. It now moves for summary judgment. We deny that motion.

Defendants contend that only the textual part of the packaging is protected by copyright because plaintiff used the wrong forms in the copyright office. We disagree. 17 U.S.C. §408(C)(1), Runstadler Studios, Inc. v. MCM Ltd. Partnership, 768 F.Supp. 1292 (N.D.Ill. 1991); S.C. Johnson & Son, Inc. v. Turtle Wax, Inc., 14 U.S.P.Q.2d 1254 (N.D.Ill. 1989). They also argue that the various aspects of the packaging, particularly text, are not original and that plaintiff, accordingly, does not possess valid copyrights. We agree that some of the text is not original. For instance, the instructions, plaintiff's exhibit 4, have virtually no

elaboration and the manner of expressing such instructions is extremely limited. *See* Publications International, Ltd. v. Meredith Corp., 88 F.3d 473 (7th Cir. 1996). But the packaging is much more than the text, and even the instruction insert is more than instructions. We view the totality of the copyrighted material, and that discloses considerably more than marginal originality, at least for the packaging. *See* Roth Greeting Cards v. United Card Company, 429 F.2d 1106 (9th Cir. 1970).

Nor is there any real dispute about access. Both Heine and the packager had samples of plaintiff's packaging. Heine wanted to develop competing products, he furnished all the text and he worked closely with the designer in creating the defendant's packaging.

Is there, then, copying? It would be difficult to deny that the packaging designs are in many respects substantially similar. We point out just a few. The text is virtually verbatim, although it could have been changed somewhat. Even though much of it lacks originality, its inclusion with the original aspects of the packaging does contribute to an overall appearance of substantial similarity. The first package, for liquid Klear (and the most dissimilar of the packages) uses a prominent "X-TRA" rather than plaintiff's "XXTRA", has a seal in approximately the same location as the seal on plaintiff's packaging, uses a similar red banner at the top with an identical instruction to the left. The instructions and "Supplement Facts" (an FDA requirement) are in similar locations. The hang-tags both have their text to the right of the vial, text that is very similar, and a banner across the bottom. The capsule packaging has a number of similarities in placement of identical or nearly identical text and block letters in banners, seals, references to guarantees and instructions, depictions of capsules, and font for "Fast Flush" similar to the font for "Fast Flush," are all in similar locations.

The ultimate "test of substantial similarity is copying and improper appropriation." Ty, Inc. v. LeClair, 103 F.Supp.2d 1047, 1049 (N.D.Ill. 2000). Can we say that any reasonable person would be compelled to determine that any ordinary reasonable observer, comparing the expressions, would have to regard them as substantially similar unless he set out to detect the differences? We think not. The summary judgment standard is not "more likely than not," but the far more unforgiving "no reasonable person ...." Defendants' packaging uses a different prominent trademark, somewhat different layouts, often different colors, and a tie-dye background differing from plaintiff's. We think the distinctions are sufficient to conclude that a reasonable person could reasonably find that there has not been infringement.

_James B. Moran_
JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 15, 2001.